ROBERT F. SILLIMAN et al., Appellants, *v.* EDWARD LEWIS et al., Respondents.

If by the want of proper lights upon a vessel, those in charge of another vessel are deceived and a collision happens, this is such contributory negligence as will prevent the owner of the former from recovering for the injuries resulting, but if those in charge of the latter knew the true state of the facts, and with reasonable care could have avoided the injury, the absence of the proper lights is no defence.

In such a case, however, the presumption of contributory negligence would arise in the absence of proof of facts to repel it, but if there is evidence tending to repel this presumption the jury is the only proper tribunal to weigh and determine the proper effect of it. Where a vessel is in tow of another, the owner of the former is not responsible for the negligence of those in charge of the latter.

Plaintiffs' barge and another were in tow immediately in the rear of a line of canal boats forming part of the tow, and about ten rods distant from them; instead of having the lights required by the navigation acts of congress upon a vessel being towed, its lights indicated that the barge was at anchor. Defendants' schooner attempted to pass between the barge and the canal boats; there was ample room to pass in the channel outside of the tow, and there was no apparent necessity in the sudden change in the schooner's course. *Held*, there was evidence from which the jury might have found that those in charge of the schooner

knew the barge belonged to the tow, and that the attempt to pass between it and the canal boats was negligence. A nonsuit, therefore, was error.

(Argued April 11, 1872; decided May 21, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendant entered upon an order of the court at circuit, nonsuiting plaintiffs.

The action was brought to recover damages, resulting to the plaintiffs from a collision on the Hudson river.

On the 9th day of October, 1867, the plaintiffs' barge "L. P. Gardner," was being towed by the steam-tug "New York," on the Hudson river, from the city of Albany to the city of New York. The tow consisted of four tiers of canal boats, and about 100 feet in the rear of such canal boats were the plaintiffs' barge, and another barge along side of it, called the "J. L. Rathbone."

The Rathbone was loaded with lumber, which extended some twelve or fifteen feet above her deck. And on the top of that lumber, at the west side, near the Gardner, was placed a lantern which displayed what is known as a "white light." The Gardner had a similar light placed on it. The steam-tug had two head lights, and two stern lights and a red light carried amidships.

The collision occurred at about eleven o'clock at night, in the westerly channel of the Hudson, in the vicinity of the Schenectady and Athens railroad dock. Being flood tide, with a brisk breeze blowing from the south-east, this tow was moving at the rate of only one mile by the land an hour.

At the place of collision the channel was a quarter of a mile wide, and vessels could have passed the tow on either side. The defendants' schooner "Jonathan Cone" was sailing north at the rate of seven or eight miles an hour; she passed the steam-tug twenty rods to the west of her, she then changed her course and approached very nearly to the canal boats, and when within 150 feet of the plaintiffs' barge she

suddenly shifted her sails and turned sharp to the east and attempted to pass to the easterly side in front of the barges. Observing this movement, the pilot of the steam-tug stopped to let the hawser slack, but instead of continuing east the " Cone " as suddenly attempted to regain the westerly passage, and in doing so she struck the " Gardner" violently in front, causing the injury complained of. Upon this evidence the court nonsuited the plaintiff.

*R. A. Parmenter* for the appellants. Defendants were guilty of negligence, none of the lights on the steamer or barges indicating a vessel at anchor. (13 U. S. Stat. at Large, 59, art. 7.) Whether the omission of the steam-tug to carry the lights prescribed by the act of congress constituted contributory negligence, was a question of fact for the jury. (Shear. & Red. on Neg., 32 ; *Haley* v. *Earle*, 30 N. Y., 208 ; *Thomas* v. *Kenyon*, 1 Daly, 132.) Plaintiff's negligence in not having the regulation lights was not a direct contributing cause of the collision, which in law would excuse the negligent act of the schooner. (*Kernhacher* v. *Cleveland and C. R. R. Co.*, 3 Ohio St. R., 172 ; *Trow* v. *Vermont Cent. R. R. Co.*, 24 Verm., 494 ; *Davis* v. *Mann*, 10 Mees. & W., 546 ; 18 N. Y., 258 ; Shear. & Red., 37 ; *Button* v. *H. R. R. R. Co.*, 18 N. Y., 256 ; *Savage* v. *Corn Ex. Ins. Co.*, 36 id., 658, 659 ; *Austin* v. *N. J. Steamboat Co.*, 43 id., 82.) This action as brought is maintainable, even conceding the injury to have resulted from the concurrent negligence of the defendants' schooner and the steamboat having the tow in charge. (*Chapman* v. *New Haven R. R. Co.*, 19 N. Y., 341 ; *Colegrove* v. *Harlem and New Haven R. R. Co.*, 6 Duer, 382 ; same case affirmed in 20 N. Y. R., 492 ; *Brown* v. *N. Y. Cent. R. R. Co.*, 32 id., 597.)

*N. C. Moak* for the respondents. A party suing for negligence must be entirely free from any degree of negligence contributing to the injury. (*Rathbone* v. *Payne*, 19 Wend., 399 ; *Wilds* v. *H. R. R. R. Co.*, 29 N. Y., 315 ; *Haning* v.

*N. Y. and Erie Railway*, 13 Barb., 9; *Munger* v. *Tona-wanda R. R. Co.*, 4 N. Y., 349.) The provisions of the act of congress must be fully complied with. (13 Stat. at Large, 58; 2 Brightly's Dig., 1st ed., 312; 2d ed., 427; 14 Stat. at Large, 227, 228.) The statutes applied to the steamer "New York" and the plaintiff's barge. (Parsons' Adm., 561; *The Propeller Commerce*, 1 Black., 574, 579, 580; *The Santa Claus*, 1 Blatchf., 370, per NELSON, J., collision on the Hudson river; *Parker* v. *Steamboat*, 2 American Law Times, 13, 14, BLATCHFORD, J., January, 1869, where the injured vessel was a canal boat in tow of the steamer Brooklyn for New York; *The Daniel Ball*, 10 Wall., 557; *United States* v. *The Bright Star*, 7 Int. Rev. Record, 179; 1 Woodworth's C. C. R., 266; *Fitch* v. *Livingston*, 4 Sandf., 509; *Crawford* v. *Collins*, 45 Barb., 269; 30 How., 398; *Decker* v. *Jaques*, 1 E. D. Smith, 80; *Hecker* v. *New York, etc.*, 24 Barb., 221; Malyne's Lex. Merc.; *Ex Parte Ferguson*, L. R., 62 B., 281, 290, 292; Am. Encyc., art. "Ship;" Benedict's Adm., § 218; *Sears* v. *Steamer Scotia*, 2 Am. L. T. [U. S. C. R.], 68; *The Bay State*, 3 Blatchf., 49, 50, NELSON, J.; *The Clement*, 2 Curtis, 268, CURTIS, J.; *The Santa Claus*, 1 Blatchf., 370, NELSON, J.) If a vessel disregard the provisions of a statute, the burden is on her to show, in case of a collision, that the accident was not owing to such neglect, and would have equally happened if she had performed her duty. (1 Sprague, 40, SPRAGUE, J.; *Warring* v. *Clarke*, 5 How. U. S., 465; *Barque Delaware* v. *Steamer Osprey*, 2 Wall., Jr., C. C., 268, 275; *The Steamer Adriadne*, 2 Benedict, 472, BLATCHFORD, J.; *The Esk*, 2 Law Rep. Admiralty and Ecclesiastical, 350, Sir R. PHILLIMORE; *Sears* v. *Steamer Scotia*, 2 Am. Law Times [U. S. Courts Rep.], 60–71, BLATCHFORD, J.; *The Bay State*, 3 Blatchf., 48; *Taylor* v. *Harwood*, Taney's C. C. R., 437, 444, 445.) Plaintiffs misled defendants by carrying a wrong light and cannot recover. (*The Esk*, Law Rep., 2 Adm. and Eccl. R., 352, 353; *The Santa Claus*, 1 Blatchf., 371; *Sears* v. *Steamer Scotia*, 2 Am. L. T. [U. S. C. R.], 70, 71; 7 Blatch., 326, 328; *Brown* v. *N. Y. C. R. R.*, 31 Barb.,

388; affirmed 32 N. Y., 597.)   Plaintiffs were guilty of negli-
gence in not having proper look-outs and men in charge of the
wheels of the barges.   (*The Steamboat St. John*, 2 Benedict,
192.)   Defendants were not guilty of negligence.   ·(*The Esk*,
Law Rep., 2 Adm. and Eccl. R., 353; *The Santa Claus*, 1
Blatchf., 371; *The Ariadne*, 7 id., 211; *The Fenham L. R.*,
3 Priv. Council Cas., 212; *The Steamboat Austin*, 3 Ben., 11.)
It was not proper to show that the rules of navigation pre-
scribed by statute were not observed in particular waters.
(*The Clement*, 2 Curtis, 364, 369, 370, CURTIS, J.; *The
Rebecca*, Blatch. & Howl., 347, BETTS, J.; *Steamboat New
York* v. *Rea*, 18 How., 223.)   It was the duty of the court to
nonsuit the plaintiffs if a verdict would have been set aside as
against evidence.   (*Loomis* v. *Meeker*, 25 N. Y., 361; *Wilds*
v. *H. R. R. R.*, 24 id., 430; *Steeves* v. *Oswego R. R.*, 18 id.,
425.)

CHURCH, Ch. J.   The light on the plaintiffs' barge was not
in accordance with the navigation acts of congress, but was
a light indicating that the barge was at anchor; and if those
in charge of the defendants' schooner were deceived by this
light, and supposed that the two barges were at anchor, the
plaintiffs ought not to recover in this action; because, in that
event, they would not be free from contributory negligence,
which prevents a recovery in such an action.   The want of
proper lights on the plaintiffs' vessel is not a defence, if those
in charge of the defendants' vessel knew the true state of the
facts, and could, with reasonable care, have avoided the
injury.   (*Hoffman* v. *Union Ferry Company*, not yet reported.)
In other words, the negligence of the plaintiffs must *contri-
bute* to the injury.   It is not enough that the plaintiffs have
been negligent and an injury has occurred; but the plaintiffs'
neglect must be the proximate cause to some extent, at least,
of the injury.   (43 N. Y., 82.)

I agree with the counsel for the respondents that, in a case
like this, the presumption of contributory negligence would
arise in the absence of proof of facts to repel it.   The precise

question to be determined in this case is whether there was evidence from which the jury might have reasonably inferred that those in charge of the schooner knew the real facts, and that the barges were a part of the tow. It is not impossible that they did know it, and supposed that they could cross from one side of the channel to the other by sailing over the hawser, or otherwise. If so, they were not deceived by the light on the barge; and it cannot be said that the absence of proper lights contributed to the injury. ·

The same remark is true with reference to the defective lights on the steamer; and, besides, the plaintiffs are not responsible for the negligence of those in charge of the steamer, as they had no control over them, or the movements of the steamer or her appointments.

In determining whether the nonsuit was properly granted we are, of course, confined to the plaintiffs' evidence alone, without explanation or contradiction; and that evidence tended to prove that the night was not so dark but that objects could be distinctly seen at a considerable distance; that those on board the schooner could and did see the steamer, and the canal boats in tow, and passed close to the latter; and that they could also see the barges which were immediately in rear of the canal boats, indicating thereby, as it is claimed, that they belonged to the tow, and could not have been at anchor; and, in addition to this, that there was ample room for the schooner to pass in the channel on the west side of the barges; and that there was no necessity, nor apparent propriety, for the manœuvre of the schooner in suddenly, changing its course to cross between two tiers of moving boats in a space of about ten rods. Might not the jury have found from these facts that those in charge of the schooner knew that these barges belonged to the tow, and · must have been attached by a hawser; and that the attempt to pass between them and the canal boats was unnecessary, imprudent and negligent? I think the evidence is capable of such a construction; and if it had been submitted to the jury, and they had so found, the court could not, according

to settled rules, have set aside the verdict as against evidence; and this is the test for determining the propriety of the nonsuit. It is not necessary for this court to decide that they would find for the plaintiff upon this evidence. It is enough that a jury would be justified in so finding; and a verdict either way, upon the evidence alone, could not, in my judgment, be disturbed. There was evidence for the jury to consider, tending to repel the presumption that the defective lights caused or contributed to the injury, and the jury was the only proper tribunal to weigh and determine the proper effect of it.

We feel constrained, therefore, to hold that the nonsuit was improperly granted.

The judgment must be reversed and a new trial granted, costs to abide the event.

All concur except Peckham, J., not sitting.

Judgment reversed.