GEORGE W. METCALF, Respondent, *v.* JOSIAH H. BAKER, Appellant.

A claim that excessive damages have been allowed is properly addressed to the discretion of the court below; its decision thereon is not reviewable here.

In an action by a physician to recover damages for personal injuries alleged to have been sustained through defendant's negligence, the referee found that plaintiff sustained damages, among other things, "for necessary expenditures for medical treatment." It appeared that plaintiff incurred no expense for physician's fees, but paid for medicine prescribed by a physician. *Held*, that this fairly came under the head of expenditures for medical treatment.

Also, *held*, that loss incurred by plaintiff in his practice was a legitimate ground for awarding damages.

(Argued January 13, 1874; decided May term, 1874.)

THIS was an action to recover damages for injuries caused by the alleged negligence of defendant's servant.

Plaintiff was riding in a buggy upon Fifth avenue, New York city, when it came in collision with a baker's cart belonging to defendant; the buggy was overturned and plaintiff was injured.

The referee found that defendant's servant "violently, negligently and carelessly" drove the baker's wagon of defendant against the plaintiff's carriage, etc., "with great force and violence," throwing plaintiff upon the pavement. Defendant's counsel claimed that the finding was to the effect that the act of the servant was willful, and therefore defendant was not liable. *Held*, that the finding did not import a willful act but simply negligence; that the words "with great force and violence" and "violently" were used only to express the rapidity of driving and the effect of the concussion.

Defendant also claimed that the evidence showed contributory negligence. *Held*, that the evidence was such as to leave this a question of fact upon which the finding of the referee was conclusive.

Upon the question of damages, *held*, as above.

*Henry C. Denison* for the appellant.

*Benjamin Estes* for the respondent.

DWIGHT, C., reads for affirmance.
All concur.
Judgment affirmed.