GEORGE PERRY, RESPONDENT, *v.* PHILIP LANSING, RANSOM H. GARRETT AND EGBERT N. BROWN, APPELLANTS.

*Negligence — rule as to the effect of the contributory negligence of a co-servant — not applicable to an action against a third person, not the employer.*

The plaintiff, a pilot of a tug-boat, was injured in consequence of a collision with a boat owned by the defendant, and by reason of the negligence of the latter. In an action brought by him to recover damages therefor, it was claimed the other employees of the tug were guilty of negligence contributing to the collision.

*Held,* that although the contributory negligence of the other employees of the tug would bar an action by the owner thereof for injuries to it, yet it would not prevent a recovery by the plaintiff if he himself were free from all personal negligence. (BOCKES, J., dissenting.)

The rule preventing one servant from suing the master for an injury, occasioned by the negligence of a co-servant, does not prevent a recovery against a third person for the damages occasioned by his negligence, though the negligence of a co-servant may have contributed thereto.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial on the ground of the insufficiency of the evidence, made on the minutes of the court.

This action was brought to recover for injury to the respondent, caused by the steamboat of the appellants running into a steam tugboat, of which the respondent was pilot, through the negligence of the persons in charge of the appellants' boat. The respondent was the pilot of the tugboat William Bliss. On the 11th day of August, 1873, the boat Bliss towed the barge Harvest Home, with an excursion party on board, from the city of Hudson to the city of Troy. From a short distance below the city of Albany the steamboat Stone helped tow the barge to Troy, being engaged for that purpose by the excursionists on the barge. The Bliss and the barge left Troy on the return down the river about six o'clock in the afternoon. Upon leaving Troy the Bliss hauled the barge out into the river, then the steamer Stone took the barge in tow by a hawser fastened to the barge. When near Albany the steamboat J. P. White, belonging to the appellants,

and the Gardiner, a small tugboat, were coming up the river. Through the negligence of the White it collided with the Bliss and injured the plaintiff. At the time of the collision Alonzo Sickles was at the wheel of the Bliss. The defendants claimed that the Stone did not stop at the time of the occurrence, and insisted that this was negligence on the part of the Stone, which contributed to the injury, and that by reason thereof plaintiff cannot recover. The court held that the plaintiff was not responsible for any negligence of those in charge of the Stone in not stopping, except so far as the same was caused by the want of prudence, care or proper skill of the plaintiff as pilot of the Bliss. And also that any negligence on the part of the crew of the Bliss, other than the personal negligence of the plaintiff or of Sickles, whom he had put at the helm, would not defeat the plaintiff's action.

*R. E. Andrews*, for the appellants.

*Newkirk & Chace*, for the respondent.

BOARDMAN, J.:

An examination of the evidence satisfies me that the question of the negligence of the defendants was properly submitted to the jury and its verdict must be conclusive. We cannot say the verdict was not in accordance with the truth, and hence on this ground we cannot reverse the judgment below under the decision of *Finch v. Parker* (49 N. Y., 8).

The more important and difficult objection relates to the charge of the learned judge on the subject of concurrent negligence of the plaintiff and those on board of the tug Bliss. It was held that plaintiff was not responsible for any negligence on the part of the tow boat Stone. This exception is not urged upon the argument, nor do I see that it could be successfully, since I find no proof of any negligence on the part of the officers of the Stone, unless it was due to, and arose from, the acts and negligence of those on board of the Bliss.

The learned judge then holds " that the negligence and carelessness of the Stone will not prevent the plaintiff from recovering,

except so far as the negligence of the Stone was occasioned by the want of prudence and care or proper skill, on the part of the plaintiff, as the pilot of the boat Bliss." And again "the question is, whether there was any omission on the part of this plaintiff as the pilot of the boat, or of Sickles, who it seems to me was in the same position of the plaintiff, having been placed there by his direction." The exceptions to these portions are especially urged upon our consideration.

It must be remembered that the Stone had been hired by the excursionists on the barge Harvest Home. The Bliss was not aiding in the towing. She was lashed to the Harvest Home, and both were being towed by the Stone. Hence I think it follows. that the officers of the Stone were not the servants of the plaintiff or of the owners of the Bliss, and the latter were not responsible for the negligence of the former. (*Silliman* v. *Lewis*, 49 N. Y., 384.) The jury by its verdict has determined that neither the plaintiff nor Sickles were guilty of personal negligence.

If the other persons in the employ of the Bliss were guilty of negligence contributing to the injury, would such fact prevent a recovery by plaintiff? In other words, were the employees on the Bliss so far identified with, and under the control of, plaintiff as to make him liable for their negligence? The rule applicable as between servant and master is well known. The servant cannot recover of the master for injuries occasioned by a co-servant in the same general employment. That risk he assumes when he enters into the employment. But has this principle any application to an action for injuries against a third person not the master? Though the servant may not maintain an action against his master for an injury arising from the negligence of a fellow servant, does it follow that he may not have an action against a third person for an injury occasioned by such third person's negligence, because some co-servant has been guilty of negligence contributing to the injury? No such rule can be found so far as I have been able to discover. Between the master and servant there is an implied contract that the servant shall assume the risks of the employment. For this reason the liability does not exist. But there is no such relation between the servant and a stranger. As between them, the servant has not waived his remedy, if a co-servant has

been guilty of contributory negligence. The proximate cause of the injury is the act of the stranger. Why should he be shielded from damages because some person, no way related to him, has failed to exercise the requisite care to prevent plaintiff's injury ? The owner of the tug might not be able to recover for its injury, because the negligence of his servants contributed thereto and their negligence is imputed to him. But the plaintiff does not stand in the same relation to the party doing the injury to him personally as well as to the tug. The employees of the Bliss are not co-servants of, or as to the defendants. They are strangers to defendants, and each is entitled to protection against the negligent acts of defendants unless he personally has done, or failed to do, some act which has aided in producing the injury. (*Smith* v. *N. Y. and H. R. R. Co.*, 19 N. Y., 127, 132; *Young* v. *N. Y. C. R. R. Co.*, 30 Barb., 229.)

The other cases cited do not seem to me to solve the difficulty. In the *Arctic Ins. Co.* v. *Austin* (69 N. Y., 470), it is held that the owner of a cargo in a canal boat, being transported for hire by a carrier, cannot recover against a third party for loss occasioned by his act, where the carrier is guilty of contributory negligence. The reasons given for this decision plainly distinguish it from cases of injury to innocent third persons, as to whom no opinion is expressed. In *Robinson* v. *N. Y. C. and H. R. R. R. Co.* (66 N. Y., 11), a female sustains an action against the defendant for an injury caused by its negligence, though the person with whom she rides by invitation was guilty of contributory negligence. The negligence of the driver is not imputed to the passenger. To the same effect are *Chapman* v. *New Haven R. R. Co.* (19 N. Y., 341); *Webster* v. *Hudson River R. R. Co.* (38 id., 260); *Colegrove* v. *New Haven and N. Y. & H. R. R. Co.'s* (20 id., 492); *Metcalf* v. *Baker* (11 Abb. [N. S.], 431); affirmed in Com. of Ap., Apl. 1874, 57 N. Y., 662). An intimation to the contrary, in *Brown* v. *N. Y. C. R. R. Co.* (32 id., 602) is obiter and explained in *Robinson* v. *N. Y. C. and H. R. R. R. Co.* (*supra*). The case of *Armstrong* v. *Lancashire, etc., R. R. Co.* (12 Eng. Rep. [Moak's], 508; Law. Rep., 10 Ex., 47) is decided on the authority of *Thorogood* v. *Bryan* (8 C. B., 115). But this latter case is questioned in its important aspect in *Webster* v. *Hudson*

*R. R. R. Co.*, and in *Chapman* v. *N. H.*, etc. (*supra*); Sh. & Red. on Neg., § 46, *n* 5. So far as *Armstrong's Case* conflicts with our own authorities above cited we cannot follow it. After all it was in effect decided that the defendant in that case was not guilty of negligence upon which the action could be sustained.

Without further reference to the authorities, I am of the opinion the judge's rulings and charge were in strict accordance with the decisions of this State, and that no error was committed in those respects. It was proper to prove that plaintiff was a man of family. It is proper for the jury to know, in a general way, the situation and condition in life of a party or a witness. The reception of such evidence is uniform and constant, within the experience of every lawyer accustomed to try causes.

The questions put to Brown and Gardner were improper for two reasons : First, because, as we have seen, the conduct and management of the Stone could not impair the plaintiff's right of recovery in the absence of negligence on his part ; and secondly, because the question to Brown called for his opinion as to the proper verdict to be rendered by the jury, and neither question involved any scientific or technical inquiry requiring the opinions of experts or others. (*Carpenter* v. *East. Tr. Co.*, 71 N. Y., 574, 579.)

The other exceptions to the rulings upon admission or rejection of evidence are not of a character requiring special notice. I am of the opinion that no errors were committed in the ruling upon the trial or in connection with the charge, for which a new trial should be granted.

The judgment and order appealed from should therefore be affirmed, with costs.

LEARNED, P. J., concurs; BOCKES, J., dissents.

LEARNED, P. J.:

When a person is injured by the negligence of another, he ought to recover the damages he has sustained. To this rule there is the exception that, if the injured party has by his own negligence helped to cause the injury, then he shall not recover. The reason for this exception appears to be plain, and ought to be

distinctly understood. It is that a person should not be compensated for injury which he has himself caused. If his own negligence, therefore, was one of the causes (in the legal sense of that word), which produced the injury, he is himself to blame. If he had not been negligent, he would not have been injured. This, I understand to be the reason for the doctrine (so called) of contributory negligence. That doctrine does not mean that, when the negligence of each of two persons contributes' to injure a third person, he has no right of action against either. It means that one shall not be compensated for injury to which his own negligence contributed.

On the trial of this case the learned justice charged that negligence on the part of the crew of the Bliss, other than the personal negligence of the plaintiff, or of Sickles, whom he had put at the helm, would not defeat the plaintiff's action. The plaintiff was pilot of the Bliss. Personal negligence on his part would of course include any negligence in giving proper orders to the crew, or to such of the crew as were under his control. It would include every failure of duty of the plaintiff. It would not make him responsible for what he could not prevent, or for what he did not cause.

It seems to me that this is sound. I cannot see why the negligence of some one of the crew of the Bliss (which, by the supposition, the plaintiff could not prevent) should prevent him from recovering against the defendants for the injury occasioned by their negligence.

It may be true that the plaintiff could not recover against the owners of the Bliss for the injury caused, in part, by one of his co-employees. That is, because the maxim, *respondeat superior*, as a general rule, does not apply between co-employees. But if an employee, by his negligence, injures a co-employee, the one who does the injury must himself be liable; although the common master of both may not be liable. If the plaintiff's injury had been occasioned, exclusively, by the negligence of some one of the crew of the Bliss, I do not see why that one of the crew would not be liable. It is only as regards the liability of the common master that an employee is said to assume the risks of the business. The actual negligence of a co-employee must make such co-employee himself liable for the injury which he has occasioned.

If the injury to the plaintiff came from the joint negligence of the defendants and of one of the plaintiff's co-employees, without any negligence on his own part, there is no reason why the defendants should not be liable for their wrongful act. See on this point *Massoth* v. *D. and H. C. Co.* (64 N. Y., 524); *Dyer* v. *Erie R. R.* (5 W. D., 430); *Robinson* v. *N. Y. C. and H. R. R. R. Co.* (66 N. Y., 11).

The appellant insists that the rule, above referred to, that an employee cannot recover against his employer for injury by a co-employee covers this case, and urges that the policy of the rule is to enforce greater caution on the part of employees. But, as I think, that rule has no application directly, or by way of argument.

It must be noticed that it has never been held that an employer is not liable for his own negligence. The question is, when shall he be made liable for the negligence of others — that is, for the negligence for those under him? Generally, as to outsiders, he is liable for the negligence of his employees. But, as to employees, he is generally not liable for the acts of their co-employees. This is a limitation of his liability for the acts of others — a limitation of the rule *respondeat superior.* That rule never meant that the *inferior* was not himself liable for his own acts of wrong-doing.

If the plaintiff was injured by the negligence of the defendants, and of one of the crew of the Bliss, then we have a case where two or more persons have contributed to cause the injury to the plaintiff, himself free from blame. His right of action against one of these persons is not taken away by the fact that he cannot sue the master of the other — that master being himself entirely without fault. For these reasons I agree with the conclusion of the foregoing opinion of my brother BOARDMAN.

BOCKES, J., dissenting.

There was no error in the refusal of the court to nonsuit the plaintiff; nor in the denial of the motion for a new trial made on the minutes of the court on the ground of insufficiency of evidence. There was proof sufficient, as I think, to require a submission of the case to the jury. But there is a question of law in the case, arising upon the rulings of the court, of grave import. The plaintiff was the pilot of the steamtug "William Bliss" at the time of

the collision between that vessel and the steamtug "J. P. White," which collision caused the injury to the plaintiff for which the action is brought. During the trial a question arose as to whether there was any negligence which contributed to the injury on the part of those having the Bliss in charge. The court ruled in effect that negligence on the part of the crew of the Bliss, other than the personal negligence of the plaintiff himself, or of Sickles whom he had put in charge of the helm, would not defeat the plaintiff's action ; so in furtherance of this ruling the jury were instructed, in effect, that a different rule of law would control the case from what would prevail, if the action were brought by the owners of the Bliss to recover for injuries to the vessel growing out of the collison, and the learned judge added, in substance, that in such case the owners would probably be responsible for any negligence on the part of those having the Bliss in charge. The ruling that negligence on the part of those in charge of the Bliss, other than the plaintiff and Sickles, would not defeat the plaintiff's action, although contributing to the injury, is challenged as erroneous. Had the plaintiff been a mere passenger on the Bliss the ruling would be vindicated by numerous decisions. (*Chapman* v. *The New Haven R. R. Co.*, 19 N. Y., 341; *Colgrove* v. *The N. Y. & N. H. and N. Y. & Hartf. R. R. Co.*, 20 id., 492; *Webster* v. *The Hudson River R. R. Co.*, 38 id., 260; *Barrett* v. *The Third Ave. R. R. Co.*, 45 id., 628.) There are other cases of similar import with those cited. The decision in *Mooney* v. *The Hudson River R. R. Co.* (28 N. Y. Superior C. R. [5 Rob.], 548) is doubtless unsound. There have been cases holding that passengers on a stage coach could not recover for an injury resulting from the negligence of a third party, in case the negligence of the driver of the coach contributed to the injury. It was so ruled at the circuit in *Brown* v. *The N. Y. C. R. R. Co.* (32 N. Y., 597, 601); but the point was taken from the case by the finding of the jury that there was no negligence imputable to either the plaintiff or the driver of the coach. The question was somewhat discussed by DAVIS, J., in this case, and he remarked that he could see no difference whatever between the case of a passenger by a stage coach and a passenger on a train of cars. It was then added, however, quite significantly, that a majority of the judges

were of the opinion that the true rule in the case of a passenger by stage coach was laid down at the circuit in that case. This opinion, I think, has not yet been adopted as settled law. In speaking of this case, CHURCH, C. J., remarked in *Robinson* v. *N. Y. C. and H. R. R. R. Co.* (66 N. Y., 11), that the opinion said to have been expressed in *Brown's Case* (*supra*) had not the weight of authority. The principal recognized and adopted in the *Robinson Case* seems in hostility to such opinion. The decision in *Beck* v. *East River Ferry Co.* (29 N. Y. Superior C. R. [6 Rob.], 82) was vindicated on the ground that the plaintiff, with others in the boat, were engaged in a joint enterprise, and therefore he was responsible for the negligence of his associates. In *Massoth* v. *The D. and H. C. Co.* (64 N. Y., 524) the plaintiff's intestate was riding on a load of hay with his employer Smith at the time of the injury. In referring to the point under consideration, ALLEN, J., remarked (page 529): "Were it necessary to pass upon the question, I should hesitate, as did the learned judge upon the trial, in holding that the consequences of Smith's negligence could be visited upon the plaintiff and defeat the action." The case of *Dyer* v. *The Erie R. R. Co.* (5 W. D., 430), recently decided in the Court of Appeals, seems precisely that of the *Robinson Case* (*supra*). The syllabus in *Dyer's Case* is this : That where the plaintiff was injured while riding in a wagon by permission of the owner, who was driving, negligence of such owner is no bar to an action for the injury. (See, also, *Metcalf* v. *Baker*, 34 N. Y. Superior C. R. [2 Jones & Spencer], 10, 12; *Knapp* v. *Dagg*, 18 How., 165; *per contra Payne* v. *The C. R. I. and P. H. R. Co.*, 39 Iowa, 523.) In this connection, mention should be made of the case of *Armstrong* v. *The Lancashire and Yorkshire Railway Co.* (10 Eq., 47; also reported in 12 Eng. Eq. Rep. [Moak's notes, 508]). In this case the plaintiff was a traveling inspector of the carriage and wagon department of the London and Northwestern Railway Company, and was traveling on a pass from this company in one of its cars, when a collision occurred between the train in which he was riding and some loaded wagons in motion on the defendant's road. The jury found that the accident was caused by the joint negligence of the two companies. It was held that the plaintiff was so far identified with the com-

pany carrying him that he could not recover. This decision was based on the case of *Thorogood* v. *Bryan* (8 Com. Bench R., 115), which case has been greatly criticised, and which it is quite possible may be ultimately overruled in our own courts; in which case it will carry with it *Armstrong's Case.* Without special examination of these cases here, or attempting to collate them with the decisions in our own State, it will suffice to say that if sound they are favorable to the defendant in this case, if not decisive of the question under examination. But it seems that the question before us may be determined without the benefit of those cases.

On principle and on intimations given in the recent decisions in this State, the conclusion of Mr. Justice DAVIS in the *Brown Case* (*supra*) seems to be a sound exposition of the law applicable to the point under immediate examination, to wit, that there is no difference whatever between the case of a passenger by stage-coach and a passenger on a train of cars or on a boat. They stand alike in law as to contributory negligence in those having charge of the means of conveyance. As is well said by Judge DAVIS, whatever difference there may be is one of fact merely, growing out of a difference in motive power, and the corresponding necessity for more stringent rules and greater vigilance in one case than in the other. In neither has the passenger any control or management or even advisory power over the management of the vehicle in which he is being conveyed. In *Beck's Case* (*supra*) the ground of decision against the plaintiff's right of recovery was this, that, although himself free from fault, yet he participated with others in the management of the boat whose negligence contributed to the injury complained of. His action was defeated because he was not a mere passenger. He was assisting in the management of the boat. So in the case in hand, the plaintiff was not a mere passenger on the Bliss, he was her pilot, and with others had the vessel in charge. Those cases which give an action to passengers, where those in charge of the means of conveyance, by their negligence contribute to the injury, are put upon the ground that the passenger has nothing to do with the management of the conveyance; and it is the logical inference from them all that if

the party claiming to recover has the management of the vehicle or means of conveyance conjointly with others, by whose negligence he is injured, his right of action for the injury is barred against third parties whose negligence may also have contributed thereto. An agent or servant cannot have an action against his principal for an injury sustained by him, caused by the negligence of a fellow-servant of the same principal engaged in the same employment, save where such fellow-servant was negligently appointed or retained in place, or holds the position of his principal. (*Malone* v. *Hathaway*, 64 N. Y., 5, 8; *Hofnagle* v. *N. Y. C. and H. R. R. R. Co.*, 55 N. Y., 608; *Fort* v. *Whipple*, 18 N. Y. S. C. R. [11 Hun], 586.) In the case at hand the plaintiff could have no action against the owners of the Bliss for the injury of which he complains. Nor could the owners of the Bliss have an action for negligence against the owners of the White, in case those in charge of the Bliss were guilty of negligence contributing to the injury. It seems to follow that the plaintiff's action was barred, in case the injury complained of was caused in any degree by the negligence of those in charge of the Bliss. The ruling, therefore, that negligence on the part of those in charge of the Bliss, other than the plaintiff, would not defeat the plaintiff's action, although contributing to the injury was erroneous. No note is here taken of the ruling as to the negligence of those having charge of the steamtug "Stone;" nor as to some rulings on questions of evidence, to which exceptions were entered. The conclusion above reached renders an examination of those rulings unnecessary.

Judgment should be reversed, new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment and order affirmed, with costs.