Davis, J.
Under the issues in this case, evidence was introduced tending to prove that the plaintiff’s agent was guilty of negligence directly contributing to the injury to plaintiff’s property. If the driver of the plaintiff’s team, immediately upon entering Main street, and without afterwards looking to the north as he admits, drove southward upon the track until the car coming from the north overtook and collided with the buggy, he was negligent; because the street was open and unobstructed for from two hundred to two hundred and fifty feet from the point at which he entered upon it, and it was not necessary for him to go upon the street railway track, and because, the night being dark he unnecessarily put himself in a place of obvious danger and continued therein until the moment of the accident, without looking out for an approaching car or doing anything whatever to avoid injury, apparently risking his life and the property of his principal upon the presumption that the defendant’s employes would make no mistakes nor be guilty of any negligence. If, on the other hand, he drove along the street until he *246 came to the obstruction and then turned out upon the track to go around it without again looking, as his own testimony shows that he did not, and was then almost in the same instant struck by the car, he was negligent. Upon either hypothesis, assuming that the defendant was negligent in not keeping a proper lookout, or was otherwise not exercising ordinary care to prevent collision with persons lawfully on its. track, the plaintiff could not recover, if it should appear in the case that the negligence of both is contemporaneous and continuing until after the moment of the accident, because, in such case the negligence of each is a direct cause of the injury without which it would not have occurred, rendering it impracticable in all such instances, if not impossible, to apportion the responsibility and the damages. Suppose, for example, that not only the buggy and horses had been injured,, but the defendant’s car also, by what standard could the extent of liability of either party be determined? Timmons v. The Central Ohio Railroad Co., 6 Ohio St., 105; Village of Conneaut v. Naef, 54 Ohio St., 529, 531. In short, there can be no recovery in such a case unless the whole doctrine of contributory negligence, a doctrine founded in reason and justice, should be abolished:
Under these circumstances, therefore, it was not sufficient to say to the jury that if they should find. that the motorman who had charge of the car which struck the team, could by the exercise of ordinary care have seen the team and could have stopped the car and that by reason of the failure to do so the team was injured, it would be such negligence by the defendant as would entitle the *247 plaintiff to recover, provided that the plaintiff’s-driver was “free from contributory negligence.” The defendant had the right to have the jury specifically instructed, as it requested, that if the jury should find from the evidence that both’ the plaintiff and the defendant, through their agents, were negligent, and that the negligence of both combined so as to directly cause the injury complained of, then the verdict should be for the defendant. The court refused to so instruct the jury, and the circuit court correctly held that the refusal to so charge was erroneous.
The error' in refusing the defendant’s request to charge, was extended and made much more prejudicial when the court, after, giving instructions as to contributory negligence by the plaintiff in very general terms, proceeded to impress upon the jury, by repetition and with some emphasis, the doctrine known.as “the last chance.” This doctrine is logically irreconcilable with the doctrine of contributory negligence, and accordingly it has been vigorously criticised and warmly defended. Probably, as in many * such controversies, the truth lies in middle ground; but it is certain that the rule is applicable only in exceptional cases, and the prevalent habit of incorporating it in almost every charge to the jury in negligence cases, in connection with, and often as a part of, instructions, upon the subject of contributor)'- negligence, is misleading and dangerous.
This confusion seems to arise either from misapprehension of the law or a want of definite thinking. The doctrine of the “last chance” has been clearly defined by a well-known text-writer as follows: ' “Although a person comes upon the *248 track negligently, yet if the servants of the railway company, after they see his danger, can avoid injuring him, they are bound to do so. And, according to the better view with reference to injuries to travelers at highway crossings — as distinguished from injuries to trespassers and bare licensees upon railway tracks at places where they have no legal right to be — the servants of the railway company are bound to keep a vigilant lookout in front of advancing engines or trains, to the end of discovering persons exposed to danger on highway crossings; and the railway company will be liable for running over them if, by maintaining such a lookout and by using reasonable care and exertion to check or stop its train, it could avoid injury to them.” 2 Thompson,. Negligence, Sec. 1629. The italics are the author’s. Now, it must be apparent upon even a slight analysis of this rule that it can be applied only in cases where the negligence of the defendant is proximate and that of the plaintiff remote; for if the plaintiff and the defendant both be negligent and the negligence of both be concurrent and directly contributing to produce the accident, then the case is one of contributory negligence pure and simple. But if the plaintiff’s negligence merely put him in the place of danger and stopped there, not actively continuing until the moment of the accident, and the defendant either knew of his danger, or by' the exercise of sxich diligence as the law imposes on him would have known it, then, if the plaintiff’s negligence did not concurrently combine with defendant’s negligence to produce the injury, the defendant’s negligence is the proximate cause of the injury and that of the plaintiff *249 is a remote cause. This is all there is of the so-called doctrine of “the last clear chance.” A good illustration is found in the case of Railroad Co. v. Kassen, 49 Ohio St., 230. Kassen walked through the rear car of the train on which he was a passenger to the rear platform from which he either stepped off or fell off upon the track, where he lay for about two hours when he was run over by another train. It was held that, although Kassen may have been negligent in going upon the rear platform and stepping or falling off, yet since the railroad company knew of his peril and had ample time to remove him or to notify the trainmen on the later train, its negligence in not doing so was the proximate cause of Kassen’s death and the negligence of Kassen was remote. In that case the proximate cause and the remote cause were so clearly distinguishable; and it is so very evident from the opinion and the syllabus that this distinction was the real ground of the judgment of the court, that it is somewhat surprising that the doctrine of last chance as stated in that case should have been so often misinterpreted as' a qualification of the doctrine of contributory negligence.
It is clear, then, that' the last chance rule should not be given as a hit or miss rule in every case involving negligence. It should be given with discrimination. Since the plaintiff can recover only upon the allegations of his petition, if there is no charge in the petition that the defendant after having notice of the plaintiff’s peril could have avoided'the injury to plaintiff and there is no testimony to support such charge, the giving of such a charge would be erroneous. There is *250 no such allegation in the petition in this case. But further, there is testimony tending to prove that the plaintiff’s team was driven upon the street railway track in the night time, ahead of the car, and that it continued on the track for a distance of two hundred and fifty feet until struck by the car, without taking any precaution to avoid accident. Assuming that the defendant was negligent in not seeing the buggy on the track and in not avoiding the accident, yet the plaintiff’s negligence was continuous and was concurrent at the very moment of the collision. It proximately contributed to the’ collision, for without it the collision would not have occurred. There was no new act of negligence by the defendant, which was independent of the concurrent negligence and which made the latter remote. Therefore there was no place in the case for the doctrine of “the last clear chance.”
There is a case, which was decided in the sixth circuit, which will illustrate our views, and a reference to it may save some further discussion. It is the. case of The Lake Shore & Michigan Southern Railway Co. v. Callahan, 2 O. C. C., N. S., 326; s. c. 15 O. C. D., 115. A railroad section man, in obedience to an order by his foreman, started to walk along the track with his back to a locomotive two or three hundred feet away, but without observing whether the engine was standing still or running backward, and he walked along the track for seventy-five feet without paying any further attention to the engine, which was in fact backing toward him, and was struck by it and injured. The court held that it was. a case of concurrent negligence, continuing to the moment *251 of the injury, that the doctrine of “the last chance” did not apply, and that plaintiff was guilty of contributory negligence.
Similar views were expressed by the New York court of appeals in Rider v. Syracuse R. T. Co., 171 N. Y., 139, 148, per O’Brien, J., as follows: “The contributory negligence of the injured party can not be taken from the jury except in cases where it is clear that there was some new act of negligence on the part of a defendant that was the proximate cause of the injury. The negligence of the deceased, if any, was substantially concurrent with that of the defendant, if any. It is -im-< possible to separate that part of the transaction which took place after the first contact of the car with the vehicle from what took place before. It was all one transaction, and to attempt to divide it into fragments and impute one part of it to the negligence of both parties and another part to the defendant’s negligence alone would, as it seems to us, entirely subvert the law of contributory negligence as applied to accidents of this character. If the theory upon which this case was tried and submitted is-to.be sanctioned, it must, we think, follow that in every case based upon such an accident, the result must turn' not upon the general rule as stated, but upon the exception; or, in other words, the inquiry must be not whether the injured party’ was negligent, but whether. it was reasonably possible for the defendant to have avoided the accident.”-
We do not feel willing to close this opinion without reference to P. Ft. W. & C. Ry. Co. v. Krichbaum’s Admr., 24 Ohio St., 121. While the whole of the court’s opinion, .delivered bv *252 Mcllvaine, J., is pertinent, we quote only the following: “Neither of these instructions, however, indicated the rule by which the jury should be governed, in case they found the injury to have resulted from combined causes, to-wit, the co-operation of negligent conduct on the part of both the defendant and the deceased. With regard to the rule in such case, the court gave to the jury two propositions, as follows: Tt matters not how careless the servants of the defendant may have been, the plaintiff ought not to recover, if the deceased or his father could have avoided •the collision by the exercise of care, diligence, and prudence. On the other hand, it matters not how careless the deceased and his father may have been, if the persons running the train could, by the exercise of ordinary care, -prudence, and diligence, have avoided the collision, and did not, then the plaintiff ought to recover.’ The first proposition was quite as favorable to the defendant as it should have been, but the latter was to its prejudice and is wholly indefensible.”
The judgment of the circuit court is

Affirmed.

Si-iauck, C. J., Price, Crew and Summers, JJ., concur.