[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 104 
This case was tried on the theory that if plaintiff's intestate was rightfully on defendant's track when he was struck, the latter owed him the duty of reasonable care to avoid injuring him; that if he was not rightfully there, it only owed him the duty to refrain from wanton or reckless conduct causing injury. The question whether he was rightfully there was made dependent on the further inquiry whether his employer had a valid sub-contract for doing the work for the defendant whereon intestate was engaged when killed, and the court permitted the jury, despite defendant's objections and exceptions, to find that the employer did have such sub-contract, and by this path to reach the conclusion that defendant was liable because of lack of reasonable care. I think there was no evidence of such valid sub-contract and that this was, therefore, error.
There is no dispute that the only contract made by the defendant was with a company other than that which employed plaintiff's intestate and that this contract expressly provided that no sub-contract might be made without the written consent of defendant's officer. This was a provision of substance which defendant had a perfect right to put in its contract and exact performance of. It may have *Page 107 
been intended for the purpose not only of securing better work on its station, but also to prevent even such an accident as occurred by securing the right to reject any contractor or sub-contractor who in the opinion of defendant would not be vigilant to prevent accidents not only to his employees but to trains passing the locality of the work.
No written consent was ever given to a sub-contract with intestate's employer, nor was there any evidence that before the accident defendant either waived the provision in question or in any form consented to a sub-contract or to the presence of intestate on its premises or even knew that he was there. The last was hardly possible for he had just commenced work. The only evidence from which plaintiff seeks to supply defendant's waiver of the clause in question is the bit already quoted wherein some employee of the sub-contractor testified that "After the accident we had orders from the New York Central — I got orders through Snare Trieste that we could not use a horse there any more." It does not appear when this order was given, and at most it was only from the original contractor and not from the defendant, and in my opinion it is totally inadequate to serve as a basis for a finding by the jury that the defendant even after the accident assented to and ratified any sub-contract.
Under these circumstances the court erroneously charged in its main charge: "In determining what duties rested upon the defendant it will be necessary for you to first find whether this plaintiff's intestate was upon the property of the defendant with its knowledge or consent — that is, whether he was doing work for the benefit of the defendant. If so, it was the duty of the defendant to use such care as an ordinarily prudent person would use under the circumstances. * * * If Demand was working in this place without the knowledge or consent of the defendant, then the defendant owed no further duty to this young man than the duty of not being wanton and reckless or running him down in a wanton or reckless manner."
It erroneously refused to charge as follows: "That there is *Page 108 
no evidence in the case that there was any agreement between the defendant * * * and the Vulcanite Paving Company (intestate's employer) and the Westchester Contracting Company * * * by which either of those parties was to do any work upon Morris Heights Station or upon any part of it.
"That the only evidence in the case of a contract with any one with respect to the construction of the Morris Heights Station or any part thereof is with Snare Trieste.
"That under the terms and conditions of that contract no part of the work could be sublet except by the written consent of the Chief Engineer of the defendant, the New York Central and Hudson River Railroad Company. * * *
"That there was no evidence in the case that plaintiff's intestate was upon the property of the defendant, the New York Central and Hudson River Railroad Company, with its knowledge or consent."
The other rule laid down by the court in effect that if intestate was not on the tracks under the authority of a valid sub-contract made with his employer, defendant owed no duty except to refrain from wanton injury was also incorrect. There was no evidence of wanton injury, and, moreover, this was not the correct rule of conduct on the evidence.
It is not claimed that intestate went where he was as an intentional trespasser and wrongdoer. At most his trespass, so far as I can see, was technical and unintentional. It is not to be presumed that he knew of the legal relations or lack of them between his employer and defendant. In addition, the court finally charged, "That if the jury find that plaintiff's intestate got dangerously near to the south-bound track in attempting to keep the horse off of that track or farther away from it so as to avoid possible injury to the horse they must find a verdict for the defendant." The obvious converse of this charge was that the jury must find before rendering a verdict for plaintiff that intestate was endeavoring to keep the horse off the track so as to avoid an accident to the approaching train. Under such conditions the engineer having seen *Page 109 
intestate when he was about 1,300 feet away, became obligated to use reasonable efforts and care to avoid injuring the latter even though primarily and originally he may have been a technical trespasser, and if the jury chose to believe it, there was evidence justifying the conclusion that the actions of the horse were such that reasonable prudence required the train to be stopped or slowed down before it was. (Remer v. L.I.R.R. Co.,
36 Hun, 253; affd., 113 N.Y. 669; Wasmer v. D., L. W.R.R.Co., 80 N.Y. 212; Rider v. Syracuse Rapid Transit Ry. Co.,171 N.Y. 139.)
Passing by the consideration of defendant's duty there was sufficient evidence to make the question of intestate's contributory negligence one of fact.
I do not overlook the possibility that by a somewhat complicated process of reasoning we might reach the conclusion that notwithstanding the erroneous instructions which they received, the jury must have found facts sufficient to sustain the judgment on a correct theory. But notwithstanding this may be so, there was so much misapprehension concerning the issues to be submitted to the jury that it seems much preferable that there should be a re-trial whereon under correct instructions the jury can intelligently decide the issues essential to the disposition of the case.
The judgment, therefore, should be reversed and a new trial granted, costs to abide event.
CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.
Judgment reversed, etc. *Page 110