SAM CHOLOFF, Respondent, v. AMERICAN SUGAR REFINING COMPANY, Appellant.

*Negligence — action for injuries caused by motor truck — failure of proof of defendant's negligence and of plaintiff's freedom from contributory negligence.*

Appeal by defendant from a judgment of the Supreme Court in favor of plaintiff, entered in the New York county clerk's office February 15, 1922, upon the verdict of a jury for $1,500, and also from an order entered February 2, 1922, denying the defendant's motion for a new trial.

Judgment and order reversed, with costs, and complaint dismissed, with costs, upon the ground of failure of proof of negligence on the part of the defendant and of freedom from contributory negligence on the part of the plaintiff. Present — Clarke, P. J., Page, Merrell, Finch and McAvoy, JJ.; Finch, J., dissenting.

FINCH, J. (dissenting): The action was brought to recover damages for personal injuries. Plaintiff was knocked down and his foot injured by a motor truck owned by the defendant. The only point urged by the appellant is that plaintiff was guilty of contributory negligence. The accident happened at the approach to the Williamsburg bridge. Plaintiff was at the southwest corner of Delancey street. He started to cross Delancey street from south to north. On the day of the accident, at the time thereof, owing to a temporary traffic regulation, Delancey street was used as a one-way street for westerly-bound traffic only. Delancey street is divided in the center, and usually the south side of the street is used for easterly-bound traffic, and the north side of the street for westerly-bound traffic. Plaintiff had no knowledge of this temporary traffic regulation, and hence no reason to expect westerly-moving vehicles on the southerly side of the street. According to the defendant's witness White, plaintiff was crossing diagonally, walking in the same direction as the truck, so that the truck would be coming somewhat from behind him. It is defendant's claim that plaintiff walked into the truck. The testimony on the part of the plaintiff, however, corroborated by the testimony of said White, the driver of the truck, was that plaintiff was struck by the truck when plaintiff was proceeding with his back turned, relying on the regular traffic regulations and wholly unconscious of the temporary change in the regulations. It was for the jury, therefore, to say whether the testimony did not show that the proximate cause of the accident was the fault of the driver of the truck in running down the plaintiff without warning, when the driver of the truck had a full view of the plaintiff, while the latter had his back turned. In other words, if it be conceded that even though the plaintiff had no reason to expect traffic from the direction in which the defendant's truck was approaching, he was negligent in not detecting the approach of the truck, if such negligence on plaintiff's part was a remote contributing cause, and the accident could have been avoided by the defendant, in spite of such negligence, by the exercise of reasonable care under the circumstances, then under the doctrine of the " last clear chance," defendant's negligence is the proximate producing cause of the accident, and this question was properly left to the determination of the jury. (*Rider* v. *Syracuse R. T. R. Co.*, 171 N. Y. 139, 147 *et seq.*) The court, in its charge, presented to the jury the question whether the plaintiff was guilty of any negligence which contributed to the accident, and instructed them that in that event the plaintiff could not recover. The finding of the jury under

this charge brings the case within the principle stated above, and it cannot be said that it is without evidence to sustain it.   The judgment should be affirmed, with costs.