(63 App. Div. 84.)

### GOODMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   July 9, 1901.)

STREET RAILWAYS—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.

In an action against a street-railroad company for injuries received at a crossing through the alleged negligence of defendant, it was error to charge that, if defendant could have avoided the accident by the use of reasonable care, it was liable, even if the accident was caused in the first instance by the carelessness of plaintiff.

Appeal from trial term, New York county.

Action by Elias Goodman, an infant, by Louis Goodman, his guardian ad litem, against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.

Moses Feltenstein, for respondent.

INGRAHAM, J.   The plaintiff was injured by one of the cars of the defendant railroad.   He testified that he was walking up Fourth street to Broadway, and there attempted to cross Broadway upon the uptown cross walk; that he looked, and saw a north-bound car about 100 feet away from him; that there were wagons and trucks between the north-bound car and the witness at the time he looked; that he then attempted to cross, and as he went to cross the second rail the north-bound car threw him down; that the car struck him on the right side, and the right knee was injured; and that he heard no bell ring from the car.   The plaintiff's account of the accident was not corroborated.   For the defendant the gripman was called, who testified that as he crossed Washington place, bound north, there was a wagon in front of him; that as the wagon pulled out the boy came in front of the horses' heads on a run; that as soon as he saw the boy he immediately applied the brakes, and did his best to stop the car, and the car stopped almost instantly; that at that time the car was going at half speed; that the boy stepped on the track five or six feet—seven or eight feet—in front of the car; and his testimony was corroborated by a passenger on the car.   The court, having denied the motion to dismiss the complaint, charged the jury that the plaintiff was bound to establish, by a preponderance of evidence, that the injury of which he complains was the result of the carelessness and negligence of the defendant, or its servants or agents; and, second, that he himself was not guilty of conduct which contributed to the accident.   After the charge, the plaintiff's counsel asked the court to charge that, "admitting that the plaintiff was guilty of negligence, still, if the defendant could have avoided the accident by using reasonable care, the defendant is liable"; to which the court replied:   "I so charge you.   If they could have avoided the accident by the use of reasonable care, they are liable, even if the accident was caused in the first instance by that carelessness."   To that the defendant excepted.   It is quite evident that this charge was error.   The court, having correctly charged the jury that the

71 N.Y.S.—12

plaintiff must prove that he was not guilty of conduct which contributed to the accident, at the request of counsel for the plaintiff charged, in substance, that the plaintiff could recover although guilty of negligence.    This is contrary to the settled rule that, in an action for personal injuries, the burden is on the plaintiff to prove freedom from contributory negligence.    It is quite probable that the learned judge misunderstood the substance of the request, but the request was charged, and it was clearly erroneous.    There is nothing to bring the case within the principle stated in Green v. Railroad Co., 42 App. Div. 160, 59 N. Y. Supp. 386.

The defendant also claims that the plaintiff failed to make out a cause of action, but upon that question we express no opinion.

For the error specified, the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.