such reason. Henriques v. Trowbridge, 27 App. Div. 18, 50 N. Y. Supp. 108. In the present case it was easily within the power of. the counsel for the defendant to make a more or less plausible argument that the complaint was insufficient in that it did not aver any special damage to the plaintiff arising out of the publication of the alleged libel. If such averment was necessary, it is easily seen that the demurrer thereto was good. It is apparent also that there may be some defect in the form in which the innuendoes are stated. Within the rule, therefore, it seems to have been improper to adjudge this pleading to be frivolous. The effect of the order which has been entered is somewhat drastic, as it deprives the defendant of opportunity to plead over, and has relegated the case to a sheriff's jury for an assessment of damages.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

---

### SCIURBA v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

**1. STREET RAILWAYS—PERSONAL INJURIES—NEGLIGENCE—QUESTIONS FOR JURY.**
Whether or not a motorman of a street car was negligent in turning his face away from the front of the car was a question for the jury.

**2. SAME—INSTRUCTIONS—INAPPLICABILITY TO FACTS.**
Where a boy attempted to run across a street car track, and was struck by a car, it was error to charge that, even if contributory negligence was assumed, the question remained whether the company, by reasonable care, could have avoided the consequences of the injured party's negligence, the facts not giving opportunity for the creation of a new situation after the boy had come into the position of danger, and the request being therefore inapplicable.

**3. WRONGFUL DEATH—DAMAGES—INSTRUCTION.**
In an action by an administrator of an infant for his wrongful death, it was error to charge that, "If the jury find that the plaintiff is entitled to a verdict, a verdict for more than nominal damages must be given," as the measure of damages, under Code Civ. Proc. § 1904, is the pecuniary loss, which must be shown.

Appeal from trial term, New York county.

Action by Carmelo Sciurba, as administratrix of Antonino Sciurba, deceased, against the Metropolitan Street Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Charles G. F. Wahle, for respondent.

O'BRIEN, J. In this action it is sought to recover damages for the alleged negligence of the defendant in causing the death of plaintiff's son, who was run over by one of its south-bound Amsterdam avenue cars just north of 129th street, on March 12, 1901. At noon on that day, the boy, who was between seven and eight years of age, came out of the school house on the northwest corner of

Amsterdam avenue and 129th street, and started south, but, after he had gone about 20 feet, went to the curb, and then ran in a southeasterly direction across the avenue. In crossing the track, which is about 8 or 10 feet from the curb, he was struck by the car which ran over him. Whether, in crossing, his toe was caught in the slot, and he fell, as testified by one of the witnesses, or whether the car knocked him down before he could get across, as testified by others, was one of the questions in the case. The defendant's negligence was, in the main, predicated upon the evidence that the motorman, at a time when a great number of children were coming from the school house onto the avenue, and one of them at least— the plaintiff's son—was desirous of crossing, approached that part of the avenue at a very rapid rate of speed, and failed to avert the accident because of his inattention to his surroundings, and, by looking sideways, was prevented from seeing the boy in time to stop the car. It is unnecessary to dwell further on the extent of the evidence presented as bearing upon the questions of the negligence of the defendant and the contributory negligence of the boy or his parents, because there must be a new trial for errors committed in the charge to the jury.

We have endeavored to point out on several occasions the dangerous practice of counsel for a plaintiff, who, in his zeal for his client's interest, not being content to rely upon the main charge of the court to the jury, although in all respects it is full and fair, then presents numberless requests, which, however good they may be as abstract propositions of law, are not directly applicable to the facts of the case upon trial; and the danger of this is emphasized when, in addition to the propositions themselves being abstract, they are couched in language taken from opinions written by judges in the appellate courts, who are discussing the facts of particular cases no longer in their original form as supporting or destroying the inference of negligence, but are speaking of them as they have been resolved by the verdict of a jury. Thus testimony adduced upon a trial that a motorman had his attention diverted from in front of his car, or that in approaching a crossing where passengers or vehicles might be the motorman did not have his car under control so as to avert accidents, are circumstances which in particular cases, with other facts, have been presented to juries, from which they were to determine whether or not the conduct ascribed to the motorman was or was not negligent. In reviewing such cases upon appeal it is natural to speak of these things from which the jury have inferred negligence as negligent in themselves. Such a characterization of the facts as negligent would be entirely improper in submitting the case to the jury, because it is for them to determine from the situation and circumstances of the particular accident whether the defendant was or was not negligent. Were it otherwise, the court might as well direct a verdict or dismiss the case, because for the court to say in charging the jury that any particular act or course of conduct was negligent would be removing from the jury the very subject-matter which they were called upon to determine.

A striking illustration of the dangerous practice of plaintiff's submitting numerous requests as emphasized by taking words from opinions of judges in the appellate courts severed and disconnected from their context, and attempting to have them applied to another and different concrete case, is here well illustrated, resulting, as it must, in the reversal of this judgment. Thus the eighth request was:

"That if the jury believe the story of the plaintiff's witness that the motorman, while some distance from the boy, had his face turned away from the front of the car, in view of the surrounding circumstances and the time and place, it is for the jury to say whether or not this act prevented him from seeing this child in time to avoid the accident; and, if this act did prevent him from avoiding the accident, then the motorman was negligent, and the defendant is liable."

It should be remembered that this accident happened within the block between the street crossings; but, apart from the question as to whether the act of the motorman in turning away his face from the front of the car was evidence of negligence or not (upon which see De Ioia v. Railroad Co., 37 App. Div. 455, 56 N. Y. Supp. 22, affirmed in 165 N. Y. 664, 59 N. E. 1121), it was clearly error for the court to charge, as it did, at plaintiff's request, that, if this prevented him from seeing the boy, it was, as matter of law, negligence rendering the defendant liable.

The third request presented by the plaintiff and charged by the court was:

"Even if contributory negligence is assumed, the question remains whether defendant might, by the exercise of reasonable care and prudence, have avoided the consequence of the injured party's negligence."

However good as an abstract proposition, this request had no application to the facts as proved; and with respect to it we can but repeat what was said in Csatlos v. Railway Co. (decided in this court April 11, 1902, and not yet officially reported) 75 N. Y. Supp. 583, that:

"What the counsel had in mind * * * were cases like Weitzman v. Railroad Co., 33 App. Div. 585, 53 N. Y. Supp. 905; Green v. Railway Co., 42 App. Div. 160, 58 N. Y. Supp. 1039. * * * In the case at bar, however, there were present the ordinary questions of negligence and contributory negligence, and there was no suggestion, either in the pleadings or in the testimony, of any new situation being created after the plaintiff had come into a position of danger."

So, in this case, the presence of the boy on the track, and his being struck, producing the injuries for which recovery is sought, gave no opportunity for the creation of a new situation after he was in a position of danger; and the request, therefore, was entirely inapplicable, and its tendency was to introduce confusion into the issues and into the deliberations of the jury.

Without going through all, there is one additional request charged by the court to which we will refer, namely, the twelfth, that, "If the jury find that the plaintiff is entitled to a verdict, a verdict for more than nominal damages must be given." The vice in this request is apparent when we consider the rule to be applied upon the subject. In this class of cases, brought by an administrator,

the measure of damages is the pecuniary loss (section 1904, Code Civ. Proc.), and under the statute it is for the jury to determine as matter of fact the extent, if any, of this pecuniary loss. As correctly urged by the appellant:

"In the absence of all proof of earning capacity or of any probability of the decedent's life being of pecuniary value, the jury are not required as a matter of law to award substantial damages. The plaintiff was entitled to have the jury instructed as to the various elements entering into the determination of the pecuniary loss sustained by the next of kin, but was not entitled to have the jury instructed that as matter of law, irrespective of whether they found the plaintiff had sustained pecuniary loss, that they must bring in a verdict in favor of the plaintiff for substantial damages."

For the errors, therefore, in the court's charging certain requests of the plaintiff, to three of which we have referred, the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.