DELKOWSKY v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

1. STREET RAILROADS—INJURY TO CHILD— CROSSING TRACK — CONTRIBUTORY
    NEGLIGENCE—INTERVENING CAUSE.
        In an action against a street railway company for the killing of a
    child while attempting to cross the company's tracks, an instruction
    that, if the jury found the child was guilty of contributory negligence,
    the question remained whether defendant's driver, by the exercise of
    reasonable care and prudence, might have avoided the consequence of
    the child's negligence, was erroneous, where there was no intervening
    circumstance, and the only issues presented were the negligence of the
    : defendant and the contributory negligence of the child with respect to one
    set of circumstances.

Appeal from trial term, New York county.
Action by Harris Delkowsky, as administrator, against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

C. F. Brown, for appellant.
H. L. Franklin, for respondent.

PATTERSON, J. In this case it appears that the plaintiff's intestate, a very bright, intelligent child, seven years and eight months of age, who had been attending school for two years, on the 5th of September, 1901, attempted to cross East Broadway, in the city of New York, and while doing so he was run over by a horse car belonging to the defendant, and sustained injuries from which he died the next day. There was evidence of negligence of the driver of the car, and also evidence from which the jury might infer that there was contributory negligence. The court, in its charge, stated to the jury that it was for them to say whether the plaintiff might not have crossed the track of the defendant's road in safety, by the exercise of such care as was reasonably to be expected of one of his age. Upon the subject of the degree of care required of an infant of that age, the learned trial judge properly instructed the jury, but also charged them that, even if they should find that the plaintiff's intestate was guilty of contributory negligence, the question remained whether the defendant's driver, by the exercise of reasonable care and prudence, might have avoided the consequences of the child's negligence. That instruction was repeated, and was duly excepted to. There is nothing in the evidence to show any new intervening circumstance which would authorize the elimination from the case of the consideration of the child's negligence. But one set of circumstances was shown,—negligence of the defendant and conduct of the plaintiff's intestate; thus plainly presenting only the issues of negligence and contributory negligence with respect to that one unvaried and unchanged set of circumstances. In such a situation, the charge of the trial judge in the respect above mentioned was erroneous. We have considered the subject in the case of Bortz v. Railroad Co. (decided herewith), 79 N. Y. Supp. 1046, and what is there said concerning it need not be repeated here.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the defendant to abide the event. All concur.