TRAUBER v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

When plaintiff started to cross a street, he saw a south-bound car approach about a block away. He crossed the south-bound track, and did not discover a north-bound car approaching until he was about to step on the north-bound track, and in order to avoid a collision he stepped back on the south-bound track, and was struck by the south-bound car. *Held,* that it was plaintiff's duty to have looked both ways before starting to cross the street, and his failure to do so constituted contributory negligence.

2. SAME—DUTY OF MOTORMAN.

The motorman on the south-bound car was not bound to anticipate that plaintiff, after crossing the south-bound track, would retrace his steps in order to avoid a collision with the north-bound car.

3. SAME—INSTRUCTIONS—INTERVENING CAUSE.

Where, in an action for injuries while crossing a street railway track, there was no evidence of any intervening cause, and the evidence would have justified a finding that plaintiff's injuries were due to his own negligence, a charge that, though plaintiff was guilty of contributory negligence, yet if defendant, by reasonable care, could have avoided the consequences of such negligence, and if plaintiff's negligence was not the direct cause of the accident, plaintiff was entitled to recover if defendant was guilty of negligence, was error.

Appeal from trial term, New York county.

Action by George T. Trauber against the Third Avenue Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Addison C. Ormsbee, for appellant.
Edward B. La Fetra, for respondent.

McLAUGHLIN, J. The plaintiff, on the 9th of June, 1899, between 7 and 8 o'clock in the evening, while crossing Third avenue at Twenty-Fourth street, in the city of New York, was struck and injured by one of defendant's cars. According to his testimony, when he left the west curb of Third avenue he saw a south-bound car approaching between a half and a block away. It was lighted, so that he had no difficulty in seeing it. He crossed the south-bound tracks, and either had or was about to step upon the north-bound tracks, when he discovered a car only a few feet from him, approaching from the south, and in order to avoid a collision with that car he stepped back onto the south-bound tracks, and was immediately struck by the car going south.

I am of the opinion that the motion made by the defendant to dismiss the complaint at the close of plaintiff's case, and renewed at the close of the whole case, should have been granted. The testimony is uncontradicted to the effect that the plaintiff, before attempting to cross Third avenue, did not look to see whether a car was approaching from the south, nor did he look, after leaving the westerly curb of Third avenue, to see where the south-bound car was before stepping

back upon those tracks. His failure to look for the north-bound car and to ascertain the relative position of both of the cars before starting to cross the tracks, and thus placing himself in a position of danger between the two cars approaching from opposite directions, was a negligent act upon his part, inasmuch as it was his duty to look both ways before starting to cross the street. Jackson v. Railway Co. (decided at November term; not yet officially reported) 78 N. Y. Supp. 1096. Nor can it be said that the motorman on the south-bound car was negligent because he did not anticipate that the plaintiff, after he had passed over the south-bound tracks, would retrace his steps in order to avoid a collision with the north-bound car. On the contrary, the motorman had the right to assume, as we held in the Jackson Case, that after the plaintiff had passed over the south-bound tracks he would continue in the same direction in which he was going, instead of stepping back upon those tracks, and, if there were any danger of his colliding with the north-bound car, he would remain in the space between the two tracks, which, according to the uncontradicted evidence, was about six feet.

The judgment must also be reversed for an error in the charge. From what has been said it is evident that there was testimony offered from which the jury might have found that the plaintiff's injuries were due to his own negligence. The court in its charge stated that:

"Even if the plaintiff was guilty of contributory negligence, the question remains whether the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence. If the plaintiff's alleged contributory negligence was not the direct and proximate cause of the accident, then the plaintiff is entitled to a verdict against the defendant, if the defendant was guilty of negligence; that is, if the motorman did not use that ordinary degree of care which a prudent motorman should have exercised under the same circumstances."

This was excepted to, the counsel saying:

"* * * I except to that portion of your honor's charge where your honor says, in words or substance, if the plaintiff was guilty of contributory negligence the motorman could, with reasonable care, have prevented the accident."

To which the court responded:

"If he could, in that event, the defendant would be liable."

An exception was also taken to this statement.

Upon the facts presented, this was an incorrect statement as to the law, and the jury must have been misled by it. Rider v. Railway Co., 171 N. Y. 139, 63 N. E. 836, 58 L. R. A. 125. We have recently, in several decisions, pointed out the error in similar instructions. Bortz v. Railroad Co., 79 N. Y. Supp. 1046, and Delkowsky v. Same, 79 N. Y. Supp. 1104 (decided at January term; not yet officially reported); Csatlos v. Railway Co., 70 App. Div. 606, 75 N. Y. Supp. 583; Sciurba v. Same, 73 App. Div. 170, 76 N. Y. Supp. 772; Goodman v. Same, 63 App. Div. 84, 71 N. Y. Supp. 177.

The effect of this charge was that, even if the jury found the plaintiff guilty of contributory negligence, they might, notwithstanding, find a verdict in his favor, if the motorman of the car, by the exercise

of reasonable care and prudence, could have avoided the collision; in other words, the charge as made eliminated from the case the whole subject of contributory negligence on the part of the plaintiff, and this cannot be done under the law as it now exists, except in cases where it is clear that there is some new act of negligence on the part of the defendant which constitutes the proximate cause of the injury; and, determining what constitutes the proximate cause, the same tests must be applied to the conduct of both parties. Rider v Railway Co., supra; Bortz v. Railroad Co., supra. Here there is not even a suggestion of any new or intervening cause, on the contrary, the proof showed a continuous act on the part of the motorman from the time the plaintiff commenced to cross Third avenue until he was injured, which act or the act of the plaintiff himself was the proximate cause of the injury.

For the reasons given, therefore, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, O'BRIEN and HATCH, JJ., on ground of error in charge.