PHELAN v. FORTY-SECOND ST., M. & ST. N. AVE. R. CO.

(Supreme Court, Appellate Division, First Department.   February 6, 1903.)

1. STREET RAILWAYS—INJURIES—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

As plaintiff left the sidewalk to cross a street, there was a car approaching, 75 to 100 feet away, moving 5 or 6 miles an hour. There was a truck in advance of the car. Just as the car came opposite the head of the horses hitched to the truck, plaintiff ran in front of both vehicles, and was struck by the car before the motorman could stop it. *Held* not to warrant a charge that, even if plaintiff was guilty of contributory negligence, the question remained whether the motorman might have avoided the consequences of plaintiff's negligence; only the simple questions of negligence and contributory negligence being presented.

Appeal from trial term, New York county.

Action by Thomas F. Phelan, an infant, by his guardian, John J. Phelan, against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Addison C. Ormsbee, for appellant.

Wm. King Hall, for respondent.

PATTERSON, J.   The judgment appealed from in this action was entered upon a verdict in favor of the plaintiff for damages for personal injuries which it was claimed the plaintiff received through the negligence of the defendant's servants in the operation of a car belonging to it.   The car was proceeding southward along the Tenth avenue, between Fifty-Fifth and Fifty-Sixth streets, in the city of New York, when the plaintiff, who was, as is admitted, sui juris, undertook to cross the avenue from the west side.   According to the testimony of some of the plaintiff's witnesses, this car was at a distance variously estimated from 75 to 100 feet away when the plaintiff left the sidewalk, and the car was moving very rapidly.   There was testimony given by witnesses for the defendant that the car was moving at the rate of 5 or 6 miles an hour; that there was a truck in front of it, going down on the West side; that the defendant's car came up even with the heads of the horses of the truck, when the plaintiff ran in front of both vehicles, and was struck by the car before the motorman could get it under control and stop it.

The simple questions of negligence of the defendant and contributory negligence of the plaintiff were thus presented, without the intervention of any other circumstance creating a new condition or situation, notwithstanding which the learned justice presiding at the trial charged the jury that it was for them to say, upon the entire evidence—

"Whether the plaintiff might not have crossed the track in safety at the time the accident happened.   Did he exercise such care as was reasonably to be expected of one of his age, had it not been for some act or omission on the part of the defendant's driver?   Even if you should find that the plaintiff was guilty of contributory negligence, the question remains whether the defendant's motorman might, by the exercise of reasonable care and prudence,

have avoided the consequences of the plaintiff's negligence. If, therefore, you find that the defendant's motorman might, by the exercise of reasonable care and prudence, have avoided the accident, the fact that you may find the plaintiff was negligent would not prevent a recovery by the plaintiff."

That was tantamount to saying that the defendant was liable for the negligence of its motorman, notwithstanding the contributory negligence of the plaintiff. As we have held, such a charge is erroneous in a case in which the elements of negligence and contributory negligence are presented in the simple form in which they arose here. Delkowsky v. Railroad Co., 79 N. Y. Supp. 1104, and Bortz v. Same, 79 N. Y. Supp. 1046, decided January 23, 1903.

The judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.