THOMAS F. PHELAN, an Infant, by JOHN J. PHELAN, his Guardian ad Litem, Respondent, v. FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Appellant.

*Negligence — a charge that if a "motorman might, by the exercise of reasonable care and prudence, have avoided the accident, the fact that you may find the plaintiff was negligent would not prevent a recovery by the plaintiff," is erroneous.*

In an action brought to recover damages sustained by the plaintiff through the alleged negligence of the defendant, which operated a street railway on Tenth avenue in the city of New York, the evidence tended to show that, at a time when one of the defendant's south-bound cars was about seventy-five or one hundred feet distant and was moving rapidly towards him, the plaintiff, who was admitted to be *sui juris*, started to cross from the west to the east side of the avenue; that a truck was proceeding southerly along the west side of the avenue and that, as the car came up even with the horses' heads, the plaintiff ran in front of both vehicles and was struck by the car.

*Held*, that it was error for the court to charge the jury that it was for them to say, upon the entire evidence, " whether the plaintiff might not have crossed the track in safety at the time the accident happened. Did he exercise such care as was reasonably to be expected of one of his age had it not been for some act or omission on the part of the defendant's driver? Even if you should find that the plaintiff was guilty of contributory negligence, the question remains whether the defendant's motorman might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence. If, therefore, you find that the defendant's motorman might, by the exercise of reasonable care and prudence, have avoided the accident, the fact that you may find the plaintiff was negligent would not prevent a recovery by the plaintiff;"

That such a charge was erroneous as applied to the case under consideration.

APPEAL by the defendant, the Forty-second Street, Manhattanville and St. Nicholas Avenue Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of New York on the 31st day of March, 1902, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 25th day of April, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Addison C. Ormsbee,* for the appellant.

*William King Hall,* for the respondent.

Patterson, J. :

The judgment appealed from in this action was entered upon a verdict in favor of the plaintiff for damages for personal injuries, which it was claimed the plaintiff received through the negligence of the defendant's servants in the operation of a car belonging to it. The car was proceeding southward along Tenth avenue, between Fifty-fifth and Fifty-sixth streets, in the city of New York, when the plaintiff, who was, as is admitted, *sui juris,* undertook to cross the avenue from the west side. According to the testimony of some of the plaintiff's witnesses, this car was at a distance variously estimated from seventy-five to one hundred feet away when the plaintiff left the sidewalk, and the car was moving very rapidly. There was testimony given by witnesses for the defendant that the car was moving at the rate of five or six miles an hour; that there was a truck in front of it, going down on the west side; that the defendant's car came up even with the heads of the horses of the truck, when the plaintiff ran in front of both vehicles and was struck by the car before the motorman could get it under control and stop it.

The simple questions of negligence of the defendant and contributory negligence of the plaintiff were thus presented without the intervention of any other circumstance creating a new condition or situation; notwithstanding which, the learned justice presiding at the trial charged the jury that it was for them to say, upon the entire evidence, "whether the plaintiff might not have crossed the track in safety at the time the accident happened. Did he exercise such care as was reasonably to be expected of one of his age had it not been for some act or omission on the part of the defendant's driver? Even if you should find that the plaintiff was guilty of contributory negligence, the question remains whether the

defendant's motorman might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence. If, therefore, you find that the defendant's motorman might, by the exercise of reasonable care and prudence, have avoided the accident, the fact that you may find the plaintiff was negligent would not prevent a recovery by the plaintiff."

That was tantamount to saying that the defendant was liable for the negligence of its motorman, notwithstanding the contributory negligence of the plaintiff. As we have held, such a charge is erroneous in a case in which the elements of negligence and contributory negligence are presented in the simple form in which they arose here. (*Delkowsky* v. *Dry Dock, etc., R. R. Co.,* 78 App. Div. 632; *Bortz* v. *Dry Dock, etc., R. R. Co.,* Id. 386.)

The judgment and order must be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.